THE STATE v. ALBERT R. JONES, Appellant.

**Division Two, December 12, 1905.**

1. **TAKING AWAY FEMALE FOR PURPOSE OF CONCUBINAGE: Information.** The information in this cause, which was a prosecution for taking away a female under eighteen years of age for the purpose of concubinage, is held to properly charge every essential element of the offense. ·

2. ———: **Reputation of Prosecutrix: Attacking Character.** Where witnesses have testified as to improper conduct of the prosecutrix in improper and promiscuous association with men at night, and to admissions by her of having sexual intercourse with other men and being pregnant by another man, this is a sufficient assault upon her character to entitle the State to introduce testimony, in rebuttal, as to her good reputation.

3. **APPELLATE PRACTICE:** Refusing Instructions: No Exceptions. Where the record discloses no objections or exceptions to the action of the court in refusing instructions, they can not be reviewed in the appellate court.

4. **CONCUBINAGE:** Sufficiency of Evidence: Province of Jury. Where there is substantial evidence to support the verdict of the jury, and there is no indication that the verdict was the result of passion or prejudice, it will not be disturbed by the appellate court. And the evidence in this case is held sufficient to support the jury's verdict finding defendant guilty of taking away a female under the age of eighteen years for the purpose of concubinage.

Appeal from Scotland Circuit Court.—*Hon. E. R. Mc-Kee,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The information was sufficiently clear, definite and in proper form; it was properly verified as required by statute. It was a verbatim copy of one that was approved by this court; in addition, it follows the language of the statute. State v. Johnson, 115 Mo. 486; R. S. 1899, sec. 1842; Kelley's Crim. Law, sec. 548. (2) The record proper is all that can be considered by the court, as the motion for a new trial and the instructions given and refused are not copied into the bill of exceptions. (3) The credibility of a woman who is a witness may be attacked by showing that her reputation for virtue and chastity is not good; hence, the party producing such woman as a witness should have an opportunity to sustain her reputation. State v. Raven, 115 Mo. 419; State v. Sibley, 131 Mo. 519; State v. Dyer, 139 Mo. 199. (4) When considered all together, the evidence was sufficient to convict defendant. State v. Neasby, 188 Mo. 467; State v. DeWitt, 152 Mo. 76; State v. Williams, 149 Mo. 496; State v. Williams, 186 Mo. 128.

FOX, J.—This cause is here upon appeal by the defendant from a judgment of conviction in the Scotland County Circuit Court on a charge of taking away from her father one Cora Smith, a female under the age of eighteen years, for the purpose of concubinage. The charge upon which this conviction is based is thus made by the prosecuting attorney in the information filed on March 18, 1903:

"Now comes Calvin H. Hilbert, prosecuting attorney within and for Scotland county, Missouri, and under his oath of office informs the court, and charges that Albert R. Jones, at the county of Scotland and State of Missouri, on the —— day of October, A. D. 1902, at the county and State aforesaid, did then and there being one Cora Smith, a female person under the age of eighteen years, to-wit, sixteen years old, unlawfully and feloniously take from one Solomon Smith, her father, he, the said Solomon Smith, then and there being in the legal charge of the person of the said Cora Smith, without the consent and against the will of the said Solomon Smith, for the purpose of concubinage, by having illicit sexual intercourse with him the said Albert R. Jones, against the peace and dignity of the State." The information was duly signed and verified as provided by law.

Upon the trial of this cause, the State's evidence tended to show that Miss Cora Smith was born on the 10th day of July, 1886, and was therefore sixteen years of age at the time of the commission of the alleged offense. This fact was proven by her father, mother and some neighbors, who remembered the place and the time of her birth. A family record was also introduced in evidence, but it was kept in an unsatisfactory manner; but went to the jury for what it was worth. In September, prior to her taking away, Solomon Smith, father of the prosecutrix, resided on a farm some miles from Memphis, in Scotland county. With his consent, prosecutrix came with her mother and two younger

sisters to Memphis to visit the family of her uncle during the county fair, and to obtain domestic employment, if possible. While at the home of her uncle, she came in contact frequently with defendant, who also temporarily lived at that home. Defendant was a cousin of prosecutrix, but had been acquainted with her less than one year. Defendant was a cement and tile workman, his business requiring him to be away from home most of the time. His wife and four children lived at Plymouth, Illinois, and defendant called Plymouth his home. While living at the same house with prosecutrix, defendant had sexual intercourse with her on one occasion. Defendant afterwards stated to prosecutrix that he had received a letter from a friend saying that a good position could be secured for a house girl in Keokuk, Iowa; so defendant asked and urged her to go. After being assured that friends would meet her at the train, prosecutrix consented to go and did go, defendant furnishing her with $1.50. However, defendant persuaded her to go first to Plymouth, Ill., and met her at the depot, taking her to his own house. There prosecutrix met defendant's wife and remained a short time. Afterwards, prosecutrix and defendant went to Keokuk, and on the way defendant admitted to her that he had received no letter from his friend, but that he had to go to Keokuk to do some work. When the two arrived in Keokuk, they went to a hotel, where they occupied the same room; and afterwards rented two rooms and lived together for two weeks. Defendant told prosecutrix that he had always wanted her, and now he had her and she must do as he said; that she must say that she was his wife, that they had been married three years and that she was twenty-one years old. No one occupied the apartments but these two, they sleeping in the same bed and having sexual intercourse frequently. While both of them were walking near the depot one night, they were arrested by the assistant chief of police and taken to

jail. At a habeas corpus proceeding held in Keokuk, prosecutrix, at the request of defendant, testified that he had not had sexual intercourse with her, and that defendant did not persuade her to leave her home. Before she so testified, defendant told her that she had better not tell that he was to blame, for if she did death would come and it would not be long. She admitted that her testimony in the habeas corpus proceeding in Keokuk was not true, and claimed to disclose on this trial a true statement of her relations with defendant.

On the part of the defendant there were numerous witnesses introduced whose testimony tended to show that the prosecutrix, Cora Smith, was more than eighteen years of age at the time of the alleged commission of the offense, and some of the witnesses who testified said that the prosecutrix had stated to them that she was eighteen years of age. Several witnesses also testified that the prosecutrix had said to them or in their presence that the defendant had never had sexual intercourse with her and that her pregnancy was the result of an intercourse with another man, a commercial traveler, who resided in St. Louis. Testimony was also introduced showing that the prosecutrix had testified at a hearing upon habeas corpus in Keokuk, Iowa, that the defendant did not have sexual intercourse with her and had always treated her all right. Other testimony was introduced as to statements made by her that the defendant was the best friend she ever had.

Defendant testified in his own behalf; he denied having intercourse with prosecutrix and denied furnishing her with any money. He denied showing her any letter, or trying to get her to leave Memphis. He further testified that on his way to Plymouth he stopped off at Keokuk, met prosecutrix and arranged for her to go to his home, there to remain till after her confinement; that this arrangement was made at his wife's suggestion. After remaining at Plymouth for

191 Sup—42

awhile, defendant said that he concluded to move over to Keokuk to see if he could get work, so he took prosecutrix and went on ahead of his family. The reason assigned for taking prosecutrix with him to Keokuk was that she had a cousin in Plymouth and did not want her cousin to know that she was in the family way. Defendant admitted that he and prosecutrix had two rooms in Keokuk, and also that there was only one room that had a bed in it; this, he said, was because he did not want to have any more elaborate apartments than was necessary. He also admitted being arrested at ten o'clock at night near the depot with prosecutrix, but denied making any threats.

The State, in rebuttal, offered numerous witnesses who testified to the good reputation of the prosecutrix, Cora Smith, for chastity and virtue.

This is a sufficient indication of the nature and character of proof upon which this cause was submitted to the jury to enable us to pass intelligently upon the legal propositions presented by the record.

At the close of the evidence the court instructed the jury and seemed to undertake to cover every possible or imaginary theory of this cause. There were twenty-six or twenty-seven instructions given; a number of them entirely unnecessary. We shall not burden this opinion with a reproduction of all the instructions, and shall be content with giving those challenged in the motion for new trial due consideration in the course of the opinion. The seventh ground in the motion for a new trial was that the court erred in giving the following instructions on behalf of the State: 5, 7, 8, 9 and 11. They were as follows:

"5. If you believe from the evidence that the witness, Cora Smith, was at the time of the filing of the information, to-wit, on the 18th day of March, 1903, an unmarried female under the age of 18 years; that at the time she was under the care and control of her father, Solomon Smith, and an inmate of his home in

Scotland county, Missouri, or that with his consent and knowledge she was away from home working, or that she was away from home on a visit at the home of her uncle in Memphis, Missouri, or was, with the consent of her father, working at Memphis, Missouri, and if you believe beyond a reasonable doubt that the defendant did make arrangements with her and did afterwards take her, or cause her to go to Keokuk, Iowa, or to Plymouth, Illinois, and then to Keokuk, Iowa, then when taking her away from her father having the intent to abide and live with her as man and woman, for intent and purpose of concubinage, that is, for the purpose of living and abiding and cohabiting with her as man and woman in sexual intercourse, for any length of time without the authority of legal marriage, and if you find that the same was done at any time within three years prior to the filing of the information, you will find the defendant guilty as charged in the information, and assess his punishment at imprisonment in the penitentiary not to exceed five years.

"7. The court instructs the jury that under the law the State is not required to prove, in order to convict the defendant, that he took the prosecuting witness, Cora Smith, from the house or the premises of her father, Sol. Smith; but the State is only required to prove that he took her or kept her away from her father's care and custody, or that he met her away at her uncle's at Memphis, Missouri, where she may then be staying, and that then or there he induced her to go to Keokuk, Iowa, or from there to Plymouth, Illinois, and then to Keokuk, Iowa, where he cohabits with her as man and woman, and if you believe that the defendant has done this, you will then find him guilty, as charged in the information, and assess his punishment in the penitentiary as hereafter provided, if you believe it was his intention and purpose at the time of taking her away to abide with her, and while so living, to cohabit with her.

"8. If you find that Cora Smith is an unmarried female under eighteen years of age, and that beyond a reasonable doubt the defendant Jones, at any time within three years prior to the filing of the information, took her from her father by means of solicitations or directing her course so as to place her in a situation inconsistent with the relations of a father and daughter by taking her away from her home and cohabiting with her or by paying her car fare or transportation expenses from her father's care and custody elsewhere, or by going away with her from the house and possession of her father, or by meeting her away from home and going away from her father with her, with the intent at the time he so took her from her father in Scotland county to live with her as man and woman in the exchange of sexual pleasure without the warrant of lawful marriage, then you will find the defendant guilty as charged and assess his punishment as hereafter provided.

"8a. A girl under the age of eighteen years who, with her father's consent, works out as a domestic servant, and who returns to her father's house and makes his house her home when out of such employment, or who, with the consent of her father, visits a relative, is still under the care and control of her father, while so at service, or visiting such relative, as much as if she were in her father's house.

"9. The court instructs the jury that if you believe and find from the evidence that Cora Smith was the daughter of Solomon Smith and that she was under the age of eighteen years, and if you further find that she was in the habit of working out as a domestic servant, and had so worked out at a number of places during the past year, and that when out of work she made her home with her father, and if you further find that during the fall of 1902 she came to the city of Memphis, Missouri, to the home of her uncle and that her coming to Memphis was with the consent of her father, that

she was under the control of her father while in Memphis, and if you find that the defendant took her from her uncle's house in Memphis to the city of Keokuk, Iowa, for the purpose of concubinage, or that she went to Keokuk, Iowa, by reason of an agreement with the defendant, or by reason of inducements held out by the defendant, then you should find the defendant guilty, if you believe he induced her to go for the purpose of concubinage.

"11. Although you may believe the witness, Cora Smith, was a willing and consenting party to the taking away, and that no compulsion whatever was used in causing her to go away from her father's control and home, it will be no defense or justification to any one who in any way assists or causes her to leave her father's home and his care."

Upon the submission of the cause to the jury they returned a verdict finding the defendant guilty as charged and assessed his punishment at imprisonment in the penitentiary for a term of two and one-half years. Motion for new trial was filed and overruled and judgment of sentence was pronounced and entered of record in accordance with the verdict. From this judgment the defendant prosecuted this appeal and the cause is now before us for review.

OPINION.

Appellant is not represented in this court and there is no assignment of errors or brief filed suggesting or in any way indicating the complaints of the defendant in respect to the disposition of his case in the trial court. However, in compliance with the duty imposed by the provisions of the statute, we will give the record now before us, disclosing the action of the court during the progress of the trial, such attention as the importance of the case and the proper administration of justice demand.

The information in this cause is predicated upon one of the subdivisions of section 1842, Revised Statutes 1899, and properly charges every essential element of the offense defined by the statute. It is in substantially the same form as the indictment charging this offense in State v. Johnson, 115 Mo. l. c. 486, which met the approval of this court.

Upon the assignment of error as to the exclusion of evidence offered by defendant, it is sufficient to say that we have carefully considered the disclosures of the record and find but few exceptions preserved to the action of the court. From an examination of this record we are of the opinion that the exclusion of the questions and answers to which objections and exceptions were preserved was proper. Objections and exceptions were preserved to the testimony, offered by the State, as to the good reputation of prosecutrix. These objections were predicated upon the theory that her reputation had not been assailed, hence it was error to admit the testimony tending to show her good reputation. The record discloses that numerous witnesses gave testimony as to improper conduct of the prosecutrix, such as improper and promiscuous association with men at night, and to admissions by her of having sexual intercourse with other men and being pregnant by another man. We are convinced that this was a sufficient assault upon her character to justify and warrant the testimony offered by the State in rebuttal as to her good reputation. A similar contention was made in the recent case of State v. Speritus, 191 Mo. 24, and was ruled adversely to the defendant.

We have reproduced the only instructions to which the attention of the trial court was directed in the motion for new trial. Treating of the instructions, it is only necessary to say that there were twenty-six instructions given by the court in this cause, a number of them entirely unnecessary; however, the entire subject was covered, and those given for the defendant were

extremely favorable to his theory of this cause. After a careful consideration of those instructions to which objection is made, we are of the opinion that while inartificially drawn, they correctly state the law as applicable to the testimony, to which they manifestly were intended to apply. This brings us to the grounds assigned in the motion for rehearing, that the court erred in refusing to give instruction No. 16, requested by defendant.. An examination of the record makes it manifest that no such complaint is properly preserved. The instructions do not appear in the bill of exceptions, but are copied in the transcript sent to this court. The bill of exceptions expressly recites that the court gave the instructions prayed for by defendant. It is thus stated in the bill of exceptions at the close of all the evidence: ''Whereupon the plaintiff prayed the court to instruct the jury as follows: (Clerk here copy instructions given for the State) which instructions the court gave to the jury, to the giving of which instructions in behalf of the plff. the deft. by his counsel then and there duly excepted. The deft. on his part prayed the court to instruct the jury as follows: (Clerk here copy instructions given for defendant) Which request the court granted and gave the instructions.''

It may also be added that the record nowhere discloses any objection or exception to the action of the court in refusing any instructions offered by the defendant; in fact, it nowhere appears that defendant requested any instructions to be given to the jury; hence, it follows that there is nothing before us for review upon the subject of a refused instruction.

This leads us to the consideration of the only remaining assignment of error suggested by the motion for new trial, that is, as to the sufficiency of the evidence to support the verdict. The rule upon this subject has been so repeatedly and recently announced by this court that it is hardly necessary to again repeat

it or cite authorities in support of it. Where there is substantial evidence to support the verdict of the jury, and no indication disclosed by the record that the conclusions reached were the result of passion or prejudice, the finding will not be disturbed by the appellate court. [State v. Smith, 190 Mo. 706; State v. DeWitt, 152 Mo. 76; State v. Williams, 149 Mo. 496; State v. Williams, 186 Mo. 128.] We have read in detail the testimony of all the witnesses introduced in this cause, and there is no escape from the conclusion that, if the testimony on the part of the State was true, and the jury believed it to be true, the verdict of the jury is fully supported. On the other hand, if the testimony of the defendant and the witnesses introduced by him were true, he was beyond question entitled to an acquittal; but, at last, to whom are we to look for a determination of this conflict in the evidence? There can be but one answer, and that is, the jury. The witnesses were all before the court and it was the special province of the jury to determine their credibility and the weight to be attached to their testimony. For this court, upon the mere disclosures of the record, to undertake to weigh and settle conflicts in the evidence introduced in the trial court, would result in overruling a long and unbroken line of well-considered decisions by this court, upon this subject, and this we are unwilling to do.

Without the aid of any suggestions on the part of the appellant we have gone through the record before us with the view of ascertaining the action of the trial court upon all questions arising during the progress of the trial. Our examination and consideration of it fails to disclose any substantial grounds for the reversal of the judgment. Finding no reversible error, the judgment should be affirmed, and it is so ordered.

All concur.