THE STATE v. J. E. NELSON, Appellant.

Division Two, February 12, 1910.

FAILURE TO INSTRUCT: On All the Law of Case: No Excep-
tion. Unless defendant at the time the court instructed the jury
excepted to its failure to instruct on all the law of the case
and intimated his objection to the court's failure to instruct on
the law of good character, that point is not for review on ap-
peal, although assigned as a ground for a new trial in his mo-
tion.

Appeal from Howell Circuit Court.—*Hon. W. N.
Evans,* Judge.

AFFIRMED.

*J. J. Cope* for appellant.

*Elliott W. Major,* Attorney-General, and *John M.
Atkinson,* Assistant Attorney-General, for the State.

FOX, J.—This is an appeal on the part of the
defendant from a judgment of the circuit court of
Howell county, convicting him of both burglary and
larceny.

On December 8, 1908, the prosecuting attorney
of Howell county filed an amended information, charg-
ing defendant with having burglarized, on July 30,
1908, the storehouse of one George L. Garoutte, locat-
ed in the town of Mountain View, in said county, and
also with having stolen certain merchandise there-
from, to the amount of thirty dollars or more. To
the amended information as filed the defendant entered
his plea of not guilty and was put upon his trial.

The facts developed upon the trial of this cause
are substantially as follows:

The prosecuting witness, Garoutte, had a store in
the town of Mountain View, and on the night of July
29th, or the morning of July 30th, some one with an

auger bored holes around the lock of the store door, opened the same and stole some three hundred pounds of flour, a pistol and various other articles of merchandise therefrom; also a bunch of keys belonging to the prosecuting witness.

The defendant was seen on the evening of July 29th in the town of Mountain View. It appears from the testimony that he had a team consisting of one horse and one mule, and a wagon, and was camped within a short distance of the town; that he left early on the following morning before the burglary of the store was known to the owner. Defendant was arrested just after he had passed through the town of Summerville on his way to Dent county. At the time of his arrest two hundred pounds of flour, a pistol and a number of other small items of merchandise were found in defendant's wagon, some of them hid in a sack and others hid beneath a quilt. At first defendant refused to permit his wagon to be searched, and also refused to permit himself to be searched. Immediately after his arrest, when passing a well, defendant was seen to throw something like a bunch of keys down into it. Thereafter the well was dragged and a bunch of keys was found therein, which keys were identified by the prosecuting witness as those stolen from his store on the night of the burglary. In defendant's wagon was found an auger, which was taken back to Mountain View and there compared with the auger holes around the lock of the store door, which had been burglarized, and was found to be of the same size as the auger with which the holes had been bored.

Defendant, when passing through the town of Summerville, seemed to drive in a hurry, as though he feared his arrest.

Defendant testified as a witness in his own behalf; admitted having camped at the town of Mountain View on the night of July 29th; admitted having the

goods found in his possession, but stated that he found them in a pasture, near the road, a short distance north of Mountain View, early on the morning of July 30th, the morning following the night that the burglary and larceny had been committed. Defendant testified that he left Dent county on July 28th, and had visited a number of prospect mines in the locality of Mountain View. Some proof was given in evidence tending to prove a good reputation on the part of defendant, while some witnesses testified that they had heard some complaint as to defendant's reputation around the town of Summerville, where he had once resided.

At the close of the evidence the court instructed the jury upon the charge as contained in the information, and gave the usual instruction as to the presumption of innocence and the necessity of the State establishing the guilt of the defendant beyond a reasonable doubt.

The cause was submitted to the jury upon the evidence and instruction of the court and they returned a verdict finding the defendant guilty of both burglary and larceny, assessing his punishment for the burglary at three years in the penitentiary, and for the larceny at two years in the penitentiary, of this State.

Timely motions for new trial and in arrest of judgment were filed, and by the court taken up and overruled. Sentence and judgment were entered of record by the court in accordance with the verdict as returned by the jury, and from this judgment the defendant has prosecuted this appeal, and the record is now before us for consideration.

## OPINION.

The record before us presents but one assignment of error as a basis for the reversal of this judgment;

that is, that the trial court failed to instruct the jury upon all the law involved in the case.

## I.

Learned counsel for appellant insists that the court in its instructions failed to cover the subject of good character of the defendant. That is the only point urged by appellant for the reversal of this judgment.

At the very threshold of the consideration of that proposition our attention is directed to the bill of exceptions in which there is an entire absence of any preservation of the point now raised for the first time in this court. When the instructions were read to the jury counsel for the defendant did not even interpose an objection that the court had failed to instruct the jury upon all of the law involved in the case; nor was there an intimation or a suggestion that the court had so failed to direct the jury upon all subjects involved in the case.

The testimony as offered by the defendant as to his good reputation was so slight as to make it extremely doubtful as to whether or not it was to be treated as evidence at all upon that subject. The father of the defendant was called as a witness and he was asked the question as to whether or not he had ever heard anything said against this boy as being an honest, law-abiding citizen. His answer was that he had never heard anything until this cause came up. Now, while this court has held that is competent evidence upon the subject of good reputation, and we still hold that it is a very appropriate question to be propounded to persons living in the neighborhood, yet it is so unlikely that any one would say anything to the father about the bad reputation for honesty and integrity of his son that it is extremely doubtful as to whether or not testimony of that character should be regarded as any substantial evidence

of good reputation.  However, we deem it unnecessary, upon the disclosures of the record in this cause to determine that ·question.  The bill of exceptions failing to show any exception to the action of the court in not covering the subject of good character, and making no intimation or suggestion to the court of such failure, the point is not preserved and the defendant is in no position. to complain in this court. While it is true that one of the grounds alleged in the motion for new trial is that the court failed to instruct upon all of the law of the case, yet unless the question was properly preserved in the bill of exceptions it cannot be made available by raising it for the first time in a motion for new trial.   [State v. Carpenter, 182 Mo. l. c. 57; State v. Vinso, 171 Mo. 576; State v. Cantlin, 118 Mo. 100; State v. Espenschied, 212 Mo. l. c. 223; State v. West, 202 Mo. l. c. 137; State v. McCarver, 194 Mo. 742; State v. Groves, 194 Mo. l. c. 458; State v. Bond, 191 Mo. l. c. 563.]

II.

We have carefully examined the instructions as given by the court and find that they required the jury to find every essential element of the offense charged in the information.  The testimony was practically all one way in this cause.  It shows beyond any sort of question or doubt that the defendant is guilty of the offense charged.  In our opinion no other conclusion could have been reached by the jury than the one which is announced in their verdict. ·

The record before us disclosing no reversible error, the judgment of the trial court should be affirmed, and it is so ordered.  All concur.