## THE STATE v. F. M. DOUGLAS, Appellant.

### Division Two, May 26, 1914.

1. **INSTRUCTIONS: Reasonable Doubt: Must Be Given.** In the trial of a felony case, it is error to omit to give an instruction on the subject of reasonable doubt. The doctrine that a defendant is entitled to an instruction telling the jury that unless his guilt is proven beyond a reasonable doubt they shall give him the benefit of that doubt and acquit him, is so interwoven in our jurisprudence that it has become a necessary element of law in every criminal case. The defendant is just as much entitled to such an instruction as he is entitled to a trial by jury.

2. ————: ————: **Embraced in Instruction on Good Character.** Where the subjects of good character and reasonable doubt are so blended in one instruction as to minimize the subject of reasonable doubt and that is the only instruction given on the subject, it will not be held that the court has sufficiently instructed on that subject. The court should unequivocally instruct the jury that the burden of proving defendant's guilt beyond a reasonable doubt rests upon the State, etc.

3. ————: ————: **Failure to Give: Statute Applies Only to Trial Courts.** The Supreme Court does not on appeal set aside verdicts and grant new trials, but can only require those things to be done by trial courts. Therefore the words of Sec. 5231, R. S. 1909, saying that a failure to give such instructions as are necessary for the information of the jury in giving their verdict "shall be good cause when the defendant is found guilty for setting aside the verdict of the jury and granting a new trial," pertain and refer exclusively to the procedure of trial courts, and such failure is not a ground for reversing a judgment in the Supreme Court unless it is made a ground in the motion for a new trial.

4. ————: ————: ————: ————: **No Ground for Motion.** In order that the failure of the trial court to give an instruction on the subject of reasonable doubt or to properly instruct on

State v. Douglas.

that subject may be available to defendant on appeal, it is necessary that his motion for a new trial specifically call the trial court's attention to its failure to so instruct. Sec. 5231, R. S. 1909, does not avail to relieve him of the duty of incorporating such failure in his motion for a new trial, and if it does not contain such ground the Supreme Court cannot reverse the judgment because of such failure.

5. ———: ———: ———: ———: No Exception at Time Instructions are Given. But Sec. 5231, R. S. 1909, which says that "whether requested or not" the court shall instruct on the subject of good character and reasonable doubt "and a failure to so instruct in cases of felony shall be good cause, when defendant is found guilty, for setting aside the verdict of the jury and granting a new trial," does not require the defendant, at the time the instructions are given, to except to its failure to instruct on the subjects mentioned in that statute. The court's failure so to instruct will be available to him on appeal if he specifically makes that failure a ground of his motion for a new trial. [Following State v. Conway, 241 Mo. 271, and overruling State v. McCarver, 194 Mo. 717; State v. Espenschied, 212 Mo. l. c. 223; State v. Goldby, 215 Mo. l. c. 57; State v. Wilson, 225 Mo. l. c. 518; State v. Tucker, 232 Mo. l. c. 15.]

*Held*, by FARIS, J., in a concurring opinion, but dissenting on this point, that the amendment of 1901 by which the words "whether requested or not" were added to section 5231, was designed to relieve the defendant of the duty to ask instructions on the subject of reasonable doubt and other essential matters, and to place the burden of preparing such instructions upon the court, but was not intended to reverse the law centuries-old requiring the defendant to save an exception, at the time the instructions are given, to the failure of the court to give such instructions; that the failure of the court to give such an instruction is a matter of exception, and exceptions can be preserved only in a bill of exceptions and saved at the time the error is committed, and that the defendant who stands by and makes no objection to the instructions when they are given, nor until his motion for a new trial is filed, should not be entitled to have the court's failure to give instructions reviewed on appeal, and State v. Conway, 241 Mo. 271, should be overruled.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans*, Judge..

Reversed and remanded.

State v. Douglas.

*H. D. Green, S. M. Meeks* and *George M. Miley* for appellant.

There was no instruction given upon the subject of reasonable doubt and this was reversible error. State v. Gullett, 121 Mo. 447. The only place in all the instructions where the words "reasonable doubt" are used is in instruction nine in connection with the subject of defendant's good character. In all the other instructions the subject of reasonable doubt is prejudicially omitted, notably in instruction three. There was no instruction upon the presumption of innocence, and this was particularly injurious in this case because of the fact that the jury were instructed in instruction number four as to a presumption against the defendant. While an instruction as to reasonable doubt need not be applied seriatim to each item, it is necessary to give a general instruction upon the subject of reasonable doubt, applicable to all the testimony. State v. Good, 132 Mo. 114; State v. Byscher, 179 Mo. 140. In a criminal prosecution it is the duty of the trial court to give all necessary instructions whether they are requested or not. State v. Branstetter, 65 Mo. 149; State v. Rufus, 149 Mo. 406. It was error for the court to fail to instruct the jury upon the subject of reasonable doubt, whether such instruction was requested or not. State v. Clark, 147 Mo. 20. The defendant is entitled to an instruction upon the presumption of innocence and the failure to give it in this case was error. State v. Moxley, 102 Mo. 374; Sec. 5231, R. S. 1909; State v. Fannon, 158 Mo. 156; State v. Conway, 241 Mo. 271.

*John T. Barker*, Attorney-General, and *William M. Fitch*, Assistant Attorney-General, for the State.

(1) It is the office of the bill of exceptions to preserve the objections made to matters ruled upon by the court during the progress of the trial. If

those objections are not made, or if made, are not excepted to by the party against whom made, then there is nothing preserved for the review of the appellate court. In such case a proper motion for a new trial may be filed, but the bill of exceptions proper, being the receptacle which preserves the matters sought to be brought to the appellate court for consideration, being silent as to such matters, the motion for a new trial cannot revive such matters. It is the office of the bill of exceptions to preserve the exceptions actually made and taken to the ruling of the court at the time such rulings were made during the progress of the trial. It is the office of the motion for a new trial to bring those exceptions together and present them in general or concrete form to the trial court; so that if an exception is properly taken to an adverse ruling of the court during the trial and that exception is not kept alive and presented to the trial court by the motion for a new trial, then such question cannot be considered by the appellate court; and conversely, we might say, if no exception were taken to the action of the court during the trial of the case to an adverse ruling of the court, then, notwithstanding the fact that the motion for a new trial may set out such ruling as error, still if there is no exception preserved in the bill of exceptions to the alleged erroneous ruling of the court, the motion for a new trial alone will not preserve the matter for the appellate court. It thus appears that it is necessary in order to preserve an exception for the consideration of the appellate court that, first, an objection must be made and exception saved to the ruling of the court at the time such ruling was made, all of which must be shown by, and preserved in, the bill of exceptions; and, secondly, these matters must be carried to the attention of the court by the motion for a new trial. If this procedure is not had, then it follows logically that the question assigned as error cannot be reviewed by the appellate court; and thirdly,

the action of the court in overruling the motion for a
new trial must be excepted to, and such exception be
shown by the bill of exceptions. There is great har-
mony in the decisions of this court on this question.
The only case that is out of line with the reasoning
above set out, as applied to the right, power, jurisdic-
tion or authority of this court to review instructions
in a case, is State v. Conway, 241 Mo. 271. We are
convinced that the doctrine of that case, carried to its
logical sequence, is at war with the fundamental rule
of such procedure, as declared by this court since its
organization. The main doctrine of the above case is
so completely at variance with what we conceive to
be the fundamental rule of law in such cases, that we
beg leave to submit for the consideration of the court
the authorities which establish, in an unbroken line,
the true, logical and correct rule. Without beginning
at the very earliest cases, we will pass to those cases
which were decided after what is now section 5231,
Revised Statutes 1909, was first enacted. State v.
Bayne, 88 Mo. 610; State v. Reed, 89 Mo. 168; State
v. Brannum, 95 Mo. 19; State v. Day, 100 Mo. 242;
State v. Cantlin, 118 Mo. 100; State v. Kennade, 121
Mo. 405; State v. Paxton, 126 Mo. 500; State v. Hilsa-
beck, 132 Mo. 348; State v. Foster, 136 Mo. 653; State
v. Woods, 137 Mo. 6; State v. Waters, 139 Mo. 539;
State v. Cantlin, 118 Mo. 100; State v. Sacre, 141 Mo.
64; State v. Lamb, 141 Mo. 298; State v. Barton, 142
Mo. 450; State v. Meadows, 156 Mo. 110; State v.
Armstrong, 167 Mo. 257; State v. Koplan, 167 Mo. 298;
State v. Brown, 168 Mo. 449; State v. Riddle, 179 Mo.
287; State v. Sharp, 183 Mo. 715; State v. Eaton, 191
Mo. 151; State v. Welch, 191 Mo. 179; State v. Delcore,
199 Mo. 288; State v. King, 194 Mo. 474; State v. Mc-
Carver, 194 Mo. 717; State v. Chenault, 212 Mo. 132;
State v. Gordon, 196 Mo. 185; State v. Bond, 191 Mo.
555; State v. Weatherman, 202 Mo. 6; State v. West,
202 Mo. 128; State v. King, 203 Mo. 560; State v. Bar-

nett, 203 Mo. 640; State v. Espenschied, 212 Mo. 222; State v. Wilson, 225 Mo. 503; State v. Goldsby, 215 Mo. 48; State v. Barker, 216 Mo. 532; State v. Nelson, 225 Mo. 551; State v. Tucker, 232 Mo. 1. (2) Sec. 1987, R. S. 1909, provides that the court may instruct in civil cases. This section goes much further than Sec. 5231, R. S. 1909, does in criminal cases. The section in civil cases (1987) expressly provides that the instruction given either at the request of the parties or by the court of its own motion, shall be taken to the jury room by the jury and returned by the jury into court with their verdict, and when returned, such instructions shall be filed by the clerk and become a part of the record in the case. Yet notwithstanding this broad provision of the statute, the appellate courts of this State have uniformly held that no instruction given in a civil case shall be subject to review in an appellate court unless proper exception was made at the time it was given or refused and shown by the bill of exceptions, and, secondly, that this matter must be brought to the attention of the trial court in the motion for a new trial. Sickles v. Bullock, 86 Mo. App. 89; Berkbiegler v. Railroad, 164 Mo. App. 441; Montague C. A. Co. v. Fulton, 166 Mo. App. 11; Kolokas v. Railway, 223 Mo. 460; Bldg. Co. v. Hopkins, 204 Mo. 654; Randolph v. Alsey, 8 Mo. 656; Floersch v. Bank, 10 Mo. 515; Dozier v. Jerman, 30 Mo. 216; Thompson v. Russell, 30 Mo. 498; Boyse v. Crickard, 31 Mo. 530; Walsh v. Allen, 50 Mo. 181; Shaw v. Potter, 50 Mo. 281; Van Cleve v. Gilstrap, 50 Mo. 412; Waller v. Railroad, 83 Mo. 617. The fundamental distinction between the rule as to giving instructions in civil cases and in criminal cases is this: In civil cases the court is not required to give instructions except when requested. Sec. 1987, R. S. 1909; Coleman v. Drane, 116 Mo. 387; Brown v. Ptg. Co., 213 Mo. 611; Nolan v. Johns, 126 Mo. 159; Browning v. Railway, 124 Mo. 119; Marion v. Railway, 127 Mo. App. 129. In criminal cases the statute re-

quires the court, whether requested or not, to instruct on all questions necessary for the information of the jury. Secs. 5231, 5244, R. S. 1909. We now examine the statutes concerning the saving of exceptions and the right to review proceedings in the trial court by the appellate court. Sec. 5245, R. S. 1909, shows that exceptions in criminal cases shall be preserved in the manner and within the time as required for preserving same in civil cases. Sec. 2028, R. S. 1909, shows when and how bills of exceptions in criminal cases are taken. The rule as to the necessity of preserving, by timely exception, the action of the court in giving or refusing instructions is not changed. See also Sec. 2081. There is nothing in the statute which would relieve a defendant in a criminal case from the necessity of excepting to the action of the court in failing to give proper instructions in a criminal case. The only statutory rule on this question is found in section 5245 which refers for the authoritative rule in such cases to the practice in civil cases. Since the organization of this court, it has been an unbending rule in civil practice that in order to confer the power on the appellate court to review instructions given in a civil case, there must, first, have been objections made and exceptions saved at the time the court gave or refused to give the instructions, and, secondly, these matters must have been called to the attention of the trial court in the motion for a new trial; and, thirdly, we may add, the bill of exceptions must show that the action of the court in overruling the motion for a new trial was excepted to at the time. In the absence of these matters appearing in the bill of exceptions, this court has uniformly denied its right, power or authority to review the instructions. The same rule applies in criminal cases, except a defendant is not required to submit his request for instructions in writing to the court, but the court by force of the statute (5231) must instruct the jury on

all questions of law necessary for their information. If the court should fail to so instruct the jury, that in nowise relieves the defendant from the burden of excepting at the time to the action of the court. The statute in nowise changes this rule. Therefore, if any change is made it is not by force of legislation, but we may add it is in the face of legislative enactment and most result by judicial legislation. .

BROWN, J.—Defendant was convicted of murder in the second degree, and appeals from a judgment of the circuit court of Oregon county fixing his punishment at twelve years in the penitentiary.

For a consideration of such issues as are here presented it will only be necessary to give a very brief summary of the testimony.

The evidence on the part of the State tended to prove that defendant premeditatedly shot and killed one J. G. Burnette, in Oregon county, Missouri, on August 29, 1909. The evidence of premeditation consisted mostly in the purchase by defendant of a revolver and some cartridges loaded with steel bullets a few days prior to the tragedy. This revolver defendant carried on his person, and with it the alleged crime was committed.

On the part of defendant the evidence tended to prove that deceased had made several threats against the defendant. These threats did not extend to the taking of life, but only to a desire to whip or stamp defendant. According to the testimony of defendant and his wife, deceased frequently spoke to them of his ability to use the weapons with which nature had provided him; that on one occasion he knocked a man down and stamped the man thus assaulted so severely that one of his ears had to be sewed on and that he was confined to his bed for several weeks.

There were no eye witnesses to the killing except defendant and his wife. They testified that deceased

State v. Douglas.

came to defendant's home to settle an account growing out of a crop which deceased had cultivated on defendant's land, a part of which crop had been sold. Defendant being absent, deceased sat down on a small box near defendant's house and waited for him. When defendant returned the parties exchanged accounts, and, according to defendant's evidence, when they began discussing the settlement, deceased became very angry, jumped up from the box and struck at defendant, saying as he did so: "I am going to stomp you into the ground." Defendant claimed that he dodged the blow so struck by deceased, and, believing that he was in imminent danger of great personal injury, shot deceased in the breast five times, inflicting wounds from which he died in a few minutes.

The evidence on the part of defendant and his wife was somewhat weakened by the finding of blood near the box where deceased had been sitting, and the further fact that some of the bullets fired into the breast of deceased ranged downward as though he was sitting and the defendant standing when such shots were fired.

There was enough evidence to support the verdict of conviction; while if the jury had believed the defendant and his wife, they would have been justified in returning a verdict of not guilty, on the theory that defendant was in imminent peril, or had good reason to believe that he was in imminent danger of great personal injury, when he shot deceased.

For reversal defendant relies upon the failure of the court to give instructions defining the law of presumption of innocence and reasonable doubt.

## OPINION.

I. The defendant did not, in writing or orally, request any instructions, but in his motion for new

Reasonable
Doubt.

trial complains of the alleged failure of the trial court to instruct on the legal presumption of defendant's innocence, and the law of reasonable doubt.

There were, in fact, no such instructions given by the court. The defendant introduced evidence tending to prove his previous good character, and on this evidence the court gave the following instruction:

"If defendant has proven to your reasonable satisfaction that prior to the alleged difficulty he sustained a good reputation as a law-abiding citizen, then you should consider that fact in passing on the question of his guilt or innocence, as the law presumes that one whose character is good is less likely to commit a crime than one whose character is not good, but if you believe beyond a reasonable doubt from all the evidence in this case including that of good character that defendant is guilty on this charge, his good character will not justify or excuse him."

The court gave an instruction on the presumption arising from the intentional use by defendant of a deadly weapon upon a vital part of deceased. In fact, its instructions are not objectionable, unless a specific instruction on reasonable doubt was necessary for the information of the jury in giving their verdict, as required by section 5231, Revised Statutes 1909.

The doctrine of presumption of innocence and reasonable doubt are so closely related that it has been held that it is not reversible error to omit to instruct on the law of presumption of innocence if the court has fully instructed on the subject of reasonable doubt. [State v. Maupin, 196 Mo. 164, l. c. 175-6; State v. Dudley, 245 Mo. 177, l. c. 184.] The doctrine that a defendant is entitled to an instruction directing the jury that unless his guilt is proven beyond a reasonable doubt the jury shall give him the benefit of such doubt and acquit him, is so interwoven in our jurisprudence that it has become an essential element of law in every

criminal case. The defendant is just as much entitled to this instruction as he is to a trial by jury; for if the court may direct a jury to convict a defendant, then the constitutional right to a trial by jury would amount to little or nothing. In discussing this point in the case of State v. Gonce, 79 Mo. 600, EWING, C., said:

"That part of the instruction as to a reasonable doubt is usually asked and given on the part of the State. . . . Even though it may appear to the court there can be no grounds for a reasonable doubt, yet the accused must have the opinion of the triers of the fact upon that question. This instruction should have been given for the defendant, and the court committed error in refusing it."

On this point also see State v. Fannon, 158 Mo. 149, and State v. Gullette, 121 Mo. 447, l. c. 458.

When a defendant is entitled to an instruction limiting or modifying the effect of evidence which has been legally introduced he must prepare and request such instruction; otherwise, it will not constitute reversible error for the court to omit instructions on that point, because the issue thus raised, while it may be helpful to defendant, is one of a collateral nature and not indispensable in arriving at a correct verdict. [State v. Starr, 244 Mo. 161.]

In discussing the instructions which should be given by the court on its own motion "whether requested or not," KENNISH, J., in the late case of State v. Weinberg, 245 Mo. l. c. 575, said:

"Instructions presenting the facts constitutive of the offense charged or of any grade thereof shown by the testimony, the punishment authorized to be inflicted in case of a conviction, instructions upon the presumption of innocence and reasonable doubt, and good character when put in issue by the testimony, and also instructions presenting the law upon each defense interposed by the accused, are necessary for the information of the jury."

We adhere to the views expressed by Judge KEN-NISH, as above quoted, and unless the doctrine of reasonable doubt was sufficiently expressed in the instruction touching good character as hereinbefore quoted the cause must be reversed.

The Attorney-General insists that as the words "reasonable doubt" were used in the instruction before quoted, it was not necessary to give a separate instruction on that point—that the law really contemplates that only one instruction shall be given in a criminal case which shall cover all the rules of law necessary for the guidance of a jury. Without deciding whether this theory is correct or not, the law (Sec. 5231, R. S. 1909) speaks of instructions, and it is self-evident that the directions of the court can be more readily understood where the different subjects discussed are divided into separate instructions, or separate paragraphs of the same instruction.

The instruction now in judgment and before quoted blended the subjects of good character and reasonable doubt in such a manner as to minimize the effect of any doubt which might have existed in the minds of the jury regarding defendant's guilt. The court should have unequivocally told the jury that the burden of proving defendant guilty beyond a reasonable doubt rested upon the State, and that if they entertained a reasonable doubt of defendant's guilt they should give him the benefit of such doubt and acquit him. For the error of the court. in omitting to give a correct instruction on the doctrine of reasonable doubt its judgment must be reversed.

II. The learned Attorney-General insists that even if the instructions as given do not properly declare the law on the subject of reasonable **Motion for New Trial.** doubt, the error was not properly preserved by defendant, as he did not, at the trial, specifically except to the failure of the court to

instruct on that point. He makes an earnest appeal for the overruling of the decision of this court in the case of State v. Conway, 241 Mo. 271. The only proposition of law announced in the Conway case about which the writer has any misgivings is expressed in the following language (l. c. 292):

"If satisfied from the record that there has been a failure to instruct the jury upon a question which goes to the fundamental rights of the defendant, and that by such failure injustice may have been done or a verdict returned different than if such failure had not occurred, this court, in the interest of justice, will not hesitate to grant a new trial, though the question should be presented here for the first time."

My reason for doubting the correctness of the foregoing pronouncement is that section 5231, Revised Statutes 1909, says that a failure to give such instructions as are necessary for the information of juries in giving their verdict in felony cases "*shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial.*" This court does not set aside verdicts and grant new trials on appeal, except as an incident to reversing judgments upon which such verdicts are predicated. Therefore, in my opinion, the words from said section 5231, supra, which we have italicized, pertain and refer exclusively to the procedure in trial courts, and as the law requires motions for new trial to be specific (Sec. 5285, R. S. 1909) it becomes the duty of a defendant convicted of a felony to call the trial court's attention to the specific points upon which it has neglected to give proper instructions.

III. Regarding the further contention of the learned Attorney-General that the Conway case, supra, is erroneous in that it enables a defend-

Exceptions.          ant to review in this court the failure of the trial court to give necessary instructions, notwith-

standing such defendant has not excepted to such failure at the time other instructions were given, and has raised the point for the first time in his motion for new trial, we will say that this very issue received a most thorough consideration when the opinion in the Conway case was prepared. While section 2081, Revised Statutes 1909, was not mentioned in that opinion, it was in fact considered, as were also the statutes of other states similar in form to our own, as well as the constructions that have been placed upon such foreign statutes. The opinion in the Conway case was held up for some weeks and the whole subject was exhaustively investigated by each member of this Division of the court. The opinion prepared by Judge KENNISH who, on account of his wide experience, pre-eminent ability and judicial acumen, was fully equipped to weigh the matter from every conceivable point of view, is entitled to great weight.

We quite agree with the Attorney-General that errors occurring in the trial of criminal cases should be preserved in the same manner as in civil cases. This is the general law as prescribed by section 5245, supra, and applies to the saving of exceptions to all errors where some other rule of law is not specifically applicable.

It is axiomatic that where there is a statute which deals only with one phase of a subject, and that subject is also governed by a general law, the provisions of the statute which deals only with one phase of the subject will prevail over the general law, in so far as there is conflict between such statutes. [1 Lewis's Sutherland, Statutory Construction (2 Ed.), p. 532; State v. Railroad, 239 Mo. l. c. 281; Folk v. St. Louis, 250 Mo. 116, l. c. 136.]

It is apparent that prior to 1901 it was the duty of a defendant to suggest to the court the giving of such instructions as it had not of its own motion given. It is also equally apparent that the General

Assembly, in its zeal to force the courts to accord a full and fair trial to persons accused of felonies, removed from the defendant the burden of aiding the court in preparing instructions, and permits him to remain silent on the subject of instructions, if the evidence raises no collateral issue.

The contention of the Attorney-General that a defendant must at the trial, and before the cause is submitted to the jury, make or save specific exceptions to the action of the court in failing to instruct on the points which have by the court been omitted, would be equivalent to placing upon the defendant the duty of informing the trial court of the point of law upon which it had failed to instruct. This the law does not contemplate.

Laws relating to crimes and criminal procedure are liberally construed in favor of the defendant, and strictly construed against the State; and I cannot bring myself to believe that the lawmakers would intentionally relieve a defendant of the duty of requesting certain instructions, and at the same time leave him under obligation to specifically except to the omission of the very instructions which he is not under obligation to request. Putting it in a little plainer language, section 5231, supra, having specifically relieved defendant of the duty to request certain necessary instructions, by the same token relieves him of the duty of suggesting the giving of such instructions. The position assumed by the Attorney-General calls for a reversal of this rule of construction, and requires a defendant to speak when the instructions are given, notwithstanding the statute clearly contemplates that he may remain silent at that important moment, and yet reserve his right to secure a new trial if any necessary declarations of law are omitted by the court.

The Attorney-General calls our attention to section 2081, of the Civil Code, Revised Statutes 1909, which

says that "no exceptions shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as shall have been expressly decided by such court."

This is a part of the general law applicable to all appeals, but it would not be seriously contended that said last quoted section would prevent a defendant from objecting for the first time in this court to an indictment which does not charge the defendant with any crime, even though the trial court had made no ruling on the sufficiency of such indictment. [State v. Levy, 119 Mo. 434, l. c. 437; State v. Meysenburg, 171 Mo. 1, l. c. 27 and 51.] Section 5231, supra, having made it the duty of the trial court to give to the jury all necessary instructions without suggestion or request from defendant, and having further cast upon said court in felony cases the duty to grant a new trial when such necessary instructions are omitted, said section completely supersedes the general law prescribing how errors of that kind shall be preserved and considered.

Our General Assembly may throw around the life and liberty of the citizen whatever safeguards it deems proper, even though such safeguards are inconvenient and render it more difficult for the State to enforce the criminal laws. By enacting section 5231, Revised Statutes 1909, the Legislature has made it necessary, before the life or liberty of a citizen is taken away by judicial process, that the jury to which the case is submitted shall be correctly instructed on all essential "questions of law arising in the case." Therefore, it is just as necessary to so charge the jury as it is to present a valid indictment or information against the defendant. The only difference, so far as the defendant is concerned, is that when the indictment or information is fatally defective he can secure a reversal of the judgment without calling attention to the insufficiency of such indictment or information in his motion for new trial, while if there be a failure

to instruct on some essential question of law arising in the case, he must give the court an opportunity to correct such error by a motion for new trial, in which such error is specifically pointed out.

It was well understood when the opinion in the Conway case was written that it conflicted with the views expressed in many other prior decisions of this court, particularly the cases of State v. McCarver, 194 Mo. 717; State v. Espenschied, 212 Mo. 215, l. c. 223; State v. Goldsby, 215 Mo. 48, l. c. 57; State v. Wilson, 225 Mo. 503, l. c. 518-9; and State v. Tucker, 232 Mo. 1, l. c. 15. In so far as the opinion in the case at bar conflicts with the conclusions reached in the cases last cited they are expressly overruled.

For the failure of the trial court to properly instruct the jury on the question of reasonable doubt its judgment is reversed, and the cause remanded for new trial.

*Walker, P. J.,* concurs; *Faris, J.,* concurs in opinion filed.

## CONCURRING OPINION.

FARIS, J.—I fully concur in the result reached in the opinion of my learned brother Brown in this case, but I cannot agree with the views expressed in paragraph 3 of his opinion so far as said paragraph and the inference contained in paragraph 2 of said opinion hold that either the amendment of 1889 or that of 1901 to section 5231, Revised Statutes 1909, has relieved the defendant from the necessity of interposing any exceptions to instructions given by the court, or to the failure of the court to instruct upon all questions of law arising in the case, or upon any one of such questions.

Prior to 1901 the clause of said section 5231 pertinent to this discussion, read thus:

"Fourth: The court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict; which instructions shall include, whenever necessary, the subjects of good character and reasonable doubt; and a failure to so instruct in cases of felony shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial." [R. S. 1899, sec. 2627.]

In 1901 the Legislature prefixed to this clause the words "whether requested or not;" so that in my view the necessity, as a condition precedent to review, no longer existed, requiring defendant to either prepare and offer an instruction, or to specifically request the court to instruct, upon such issues in the case as were bottomed upon questions of law arising in the case which are necessary for the information of the jury in giving their verdict, or upon the questions of reasonable doubt and good character, whenever necessary.

Prior to 1901, when the amendment above mentioned was made, it was the law in this State and in every other state where the common law prevailed, that exceptions to instructions had to be taken at the time the court gave them or neglected, or refused to give them, as the case might be, in order to preserve for review objections thereto in criminal cases, just as in civil cases. [State v. DeMosse, 98 Mo. l. c. 344; State v. Foster, 115 Mo. l. c. 451.] I shall not burden these views with long citations of authorities, but the cases upholding the above statement as to the absolute necessity of preserving by exceptions taken an objection to instructions refused or given, or neglected to be given, as a condition precedent to review, will be found collated in 12 Cyc. 666 and 667, and 12 Cyc. 815 and 820. Unless the addition of the four words above quoted has served to change the rule, this is still

the law. · In what wise is it possible for so slight a change of verbiage to have so far-reaching an effect?

To go back just a little ways and pick up the thread of the argument, it may be said to be so well settled in our practice as to be fundamental that matters of exception can only be preserved in a bill of exceptions and kept alive for appellate review by a motion for a new trial. [State v. Libby, 203 Mo. 596.] Likewise it is well-settled, that instructions given or refused, or the failure or neglect to give proper instructions in a criminal case, are pure matters of exception and can be preserved for review only by exceptions and by incorporating them into a bill of exceptions. [State v. DeMosse, 98 Mo. l. c. 344; State v. Marshall, 36 Mo. 400; State v. Ray, 53 Mo. 345; State v. Pints, 64 Mo. 317; State v. Williams, 77 Mo. 310; State v. McDonald, 85 Mo. l. c. 543; State v. West, 157 Mo. 309; State v. Huff, 161 Mo. 459.] No one will contend that what we call for convenience the "record proper" embraces instructions given in a case, either criminal or civil. It seems to me ·that it is utterly impossible to take the view that instructions preserve themselves in the record without exceptions made and saved thereto, unless we say that in a criminal case instructions are a part of the record proper. It is fundamental and manifest that they are not. Without a proper bill of exceptions, kept alive by a sufficient motion for a new trial, neither this court nor any other appellate court, where the common law prevails, would ever for a moment consider error arising upon an instruction unless a plain statute so commanded. This court long prior to the amendment of 1901 and the addition of the provision that *a request for instructions on the matters therein specified should no longer be necessary,* had held that exceptions to instructions must be preserved in order to make objections touching them reviewable upon appeal, as an absolute condition precedent, without which no review here could be obtained. This court

from 1901 until the case of State v. Conway, 241 Mo. 271, had uniformly so held. It had also held likewise from the very beginning up to the date of the amendment of 1901. No well-founded doubt through all the years until the Conway case was decided, ever troubled this court upon this question, and we uniformly refused to take heed of objections in anywise affecting instructions when such objections were urged here unless they were preserved in a bill of exceptions with specific objections and exceptions urged thereto, which bill of exceptions and specific objections and exceptions to the instructions themselves were kept alive by a sufficient and timely motion for a new trial. [State v. Grimes, 101 Mo. 188; State v. Patrick, 107 Mo. 147; State v. Inks, 135 Mo. 678; State v. Nelson, 225 Mo. 551; State v. Kretschmar, 232 Mo. 29; State v. Tucker, 232 Mo. 1; State v. Urspruch, 191 Mo. 43; State v. Sykes, 248 Mo. 708; State v. Finley, 193 Mo. 202; State v. Harris, 199 Mo. 716; State v. Jones, 191 Mo. 653; State v. Morgan, 196 Mo. 177, and cases cited, supra; State v. Gordon, 196 Mo. 185.] Likewise we held, erroneously, I think, that no valid objection to the failure of the court to instruct "upon all of the law in the case," would avail, unless defendant specifically embraced in his objection and exception, the precise point in which the instructions given by the court were lacking. [State v. Barnett, 203 Mo. l. c. 658; State v. Weatherman, 202 Mo. 6.]

It will be noted, therefore, upon an examination of the cases, that when the amendment of 1901 was made, this court was uniformly requiring timely exceptions touching instructions as a condition precedent to review. It cannot, I think, be successfully contended that the Legislature merely by the addition of the words "*whether requested or not*" either specifically or impliedly abrogated the necessity for such exceptions. The Legislature had an opportunity of so saying in express words when they amended this statute

in 1901. Since they failed to say it either expressly
or by far-fetched implication, we ought not to say
it for them. A careful reading of the clause under
discussion will show that while the failure to instruct
upon all questions of law arising in the case and neces-
sary for the information of the jury, and upon the
subjects of good character and reasonable doubt,
whenever necessary, *is a good cause for setting aside
the verdict of the jury and for granting a new tiral,* it
is not said in that clause that *it is good cause or any
cause for our reversing the case and remanding it.*
This view is suggested in the learned opinion herein
by Judge BROWN. This court, in such a case as this,
is but a court of errors, and as Judge BROWN well says,
we have neither the power of setting aside verdicts,
nor of granting new trials. We can only order the
trial court to do these things. This view still leaves
us in a case like this a court of errors, and we have
formulated by our decisions, or, the Legislature has
formulated for us in statutes enacted by it, certain
rules by which the errors urged before us are pre-
served for our review. I cannot read in the clause of
section 5231 under discussion, any intent whatever on
the part of the Legislature to change in anywise any
of these general rules by which objections to instruc-
tions are preserved for review. The amendment of
1901 merely changed the law so as to render unneces-
sary any request for an instruction upon any and "all
questions of law arising in the case, which are neces-
sary for their [the jury's] information in giving their
verdict," including reasonable doubt, and when neces-
sary good character. As to these matters the trial
court had put upon him the duty of instructing *sua
sponte* correctly upon the law. If he failed to do so,
or if he erred in so doing, it was his duty to set aside
the verdict and grant defendant a new trial. If he
failed to so instruct, and likewise refused thereupon
to set aside the verdict of the jury and grant defend-

ant a new trial, it then upon appeal becomes our duty (if according to other rules centuries old and not affected by the slight amendment by the words "whether requested or not," the matter was properly saved for our review), to order the court *nisi* to grant a new trial. At the time of the several amendments of the clause in question, the rule as to the necessity both for an exception taken at the time of giving the instructions and for a motion for a new trial preserving and keeping alive such exception, is well stated in the case of State v. Cantlin, 118 Mo. l. c. 111, where it is said: "The instructions given by the court seem fairly to cover the issue joined between the State and the defendants, and if they did not, there is no statement in the motion that the court *failed* to give all proper and needful instructions. So that, if the court did fail to instruct the jury upon all questions of law arising in the case which were necessary for the information of the jury in giving their verdict, exception should have been saved *at the time such failure occurred,* and the point should have been preserved in the motion for a new trial, and this for the reason that exceptions in criminal causes occupy the same footing as do those in civil matters, and can only be preserved by the same methods of procedure. [State v. DeMosse, 98 Mo. l. c. 344; State v. Foster, 115 Mo. 448.]"

For these reasons I cannot agree either that a defendant in a criminal case is entitled to a review here of an instruction given ·or refused, or of the failure of the court to give an instruction, unless he lodged a timely exception with the trial court, and unless he preserved such exception in his motion for a new trial. I am not saying that he should request specific instructions upon such matters as are set out in section 5231, that is to say, as to any "questions of law arising in the case which are necessary for the information of the jury in giving their verdict," or as to the subjects

of good character and reasonable doubt, when the latter issues are properly presented by the evidence. I also agree that the questions of reasonable doubt and presumption of innocence should always be given to the jury, but I am saying that the attention of the court at the time the instructions are given to the jury ought to be called to his alleged failure or neglect to instruct upon any of the above matters; not necessarily specifically, nor by preparing or presenting a written instruction, but by a general exception—for example, for that *"the instructions as given by the court are not the law of the case,"* or that *"the instructions given do not embrace all of the law of the case,"* or that *"the court has not instructed upon all questions of law arising in the case and which are necessary for the information of the jury in giving their verdict;"* or in such other apposite way as to call the attention of the trial court to his failure to comply with the statutory mandate herein discussed; and this exception should be kept alive by a proper motion for a new trial. The defendant ought not to be permitted (and in my view the clause under discussion does not in its present form permit, nor has it ever expressly, or impliedly permitted, or invited the defendant) to lie in wait for the court. It might well be that instructions covering all the phases of the law involved, and upon good character and reasonable doubt, were actually prepared by the court, and yet not given for some physical reason, as for that they were lost or misplaced. An exception timely lodged would ordinarily remind the court to remedy the inadvertent default or neglect, or enable him to supply an instruction prepared, but mayhap lost from the files, and thus avert a mistrial. I agree with what is said in State v. Weinberg, 245 Mo. l. c. 575, and quoted in the opinion of Judge BROWN, defining what instructions are comprehended by the clause under discussion, and as to such no request either in writing or orally is necessary to be made, but

when the court does not give such instruction, or gives them erroneously, the defendant is not relieved from the necessity of lodging a general exception to the court's error. As to instructions upon what have been called "collateral matters," that is, such matters as are not embraced in the definition above referred to, my views are that a specific request must be made; that the defendant should by his counsel either write them and offer them to the court with a request that they be given, or that he should specifically request the court to give the same and save a proper exception to the court's refusal, and keep his exception alive by a proper motion for a new trial, before reversible error can be bottomed upon the alleged error of the trial court. Neither in my opinion does it avail to go back to the amendment of 1889, where it was first provided that the failure of the court to instruct "upon all questions of law arising in the case," should in a felony case be good cause for setting aside a verdict of guilty. It may be conceded with all frankness that a departure as between the rule in misdemeanors and felonies, is logically inferable from the language of the amendment of 1889 and the rule as to non-direction in misdemeanor trials which has since been uniformly followed. But barring a legislative pronouncement to this effect (and there is none anywhere), does this obviate the rule requiring exceptions to be lodged in the trial court as a condition precedent to the review of any and all matters not of the record proper? [State v. Stevens, 242 Mo. 439.]

Strictly speaking, what place have instructions in a bill of exceptions unless they get into the bill by virtue of the fact that exceptions are saved to them? How else do they legally and properly become parts of the bill of exceptions unless they be excepted to? In the instant case, objections were made and general —very general—exceptions were timely interposed by defendant to the instructions given by the trial court.

These objections and exceptions were kept alive in the motion for a new trial, where it was specifically urged that "the court erred in not instructing the jury as to the presumption of innocence of defendant and the law in relation thereto."

In my view the many safeguards provided by law and practice for a defendant's safety considered; the fact that in every felony trial if defendant be too indigent to hire counsel, or too friendless to have counsel hired for him, it is the duty of the court to appoint counsel to represent him; and the fact that by divers provisions of our procedure he is allowed vast advantages over the State, render any other view dangerous, as calculated to provide holes for the escape of the guilty, rather than shields for the protection of the innocent. For this reason I concur in reversing this case, but I do not agree in what is said in paragraph III thereof, and so much of it as would obviate the necessity of saving exceptions to instructions given or refused, or neglected to be given, as a condition precedent to review. In so far as the case of State v. Conway, 241 Mo. 271, is in conflict with the views expressed herein, upon the questions of the necessity of saving exceptions to instructions and of preserving such exceptions in the motion for a new trial, that case should be followed no longer.